UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ANTHONY WALKER, | No. 2:25-cv-1524 DJC CSK P |
| Plaintiff, | ORDER |
| v. | |
| SHERIFF JAMES (JIM) COOPER, | |
| Defendant. | |

Plaintiff is a county jail inmate proceeding pro se. Defendant timely removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff did not object to removal. By this action, plaintiff challenges various conditions of his confinement at the Sacramento County Main Jail. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.   PLAINTIFF'S COMPLAINT

Plaintiff alleges that he has "endured extensive, verbal, physical, emotional, and mental abuse" while incarcerated at the Sacramento Main Jail. During the six years he has been incarcerated at the jail, plaintiff alleges he was beaten multiple times by several different officers, including Officer Jackowitz and McCorkle, and some who were "unmarked." (ECF No. 1-1 at 4.)

Plaintiff alleges violations of his religious rights by Anthony Bell, who works in the ministries department, and claims former Sheriff Scott Jones was aware of the mistreatment by Bell but "continued to ignore it." (Id. at 3-4.) While under protest, plaintiff alleges he "underwent severe treatment from deputies on duty," he was not given proper meals, left hungry, his cell was searched and destroyed, and his medical records were tampered with. (Id.)

The deputies have also stolen his legal paperwork. (Id.) Plaintiff was told the materials were misplaced due to a disciplinary move, but they have not been recovered. (Id. at 5.) Plaintiff alleges he has had to proceed to trial without his legal materials in violation of his Sixth and Fourteenth Amendment rights. (Id.)

On August 28, 2018, plaintiff was sexually assaulted by a group of unmarked deputies. (Id. at 4.) On November 25, 2019, plaintiff was assaulted by an officer and sustained a broken tooth. (Id.) Over three days, plaintiff submitted 12 grievances for dental and medical care, but

3

the jail reported that plaintiff had only submitted one grievance on December 21, 2019, and that he was seen the same day.  (Id. at 4-5.)  In December 2019, Officer Keller ripped out plaintiff's hair.  (Id. at 5.)  On April 15, 2022, plaintiff was assaulted in an isolated cell on the eighth floor.  (Id.)  Plaintiff was slammed several times on his head while his arms were restrained, and sustained several scratches, a bump on his head, and developed a stutter.  (Id.)  When plaintiff finally saw a doctor at Sutter Medical Center, the doctor told plaintiff he would be referred to a neurologist to diagnose the cause of the stutter, but plaintiff claims the jail has not allowed him to return to his follow up appointment with the neurologist.  (Id.)  Plaintiff claims he was beaten on February 14, 2023, while handcuffed, and subsequently denied medical care, even after he went suicidal.  (Id. at 4.)  As a result of these beatings, plaintiff is blind in his right eye, has a broken tooth, and gained a speech impediment.  (Id.)

Plaintiff alleges he has made many grievances, PREA reports, and complaints to Scott Jones and Jim Cooper, to no avail.  (Id. at 5.)  Plaintiff seeks money damages, and claims the Jail should send their officers to be trained on how to handle inmates.  (Id. at 5-6.)

IV.   DISCUSSION

Plaintiff's complaint alleges numerous violations of his First, Sixth, Eighth and Fourteenth Amendment rights based on multiple incidents at the Sacramento County Main Jail, apparently over a six year period.  Plaintiff's allegations concern First Amendment rights based on religion,[1] Eighth Amendment claims alleging excessive force, sexual assault, and medical care, and destruction of legal materials.  Plaintiff names Sheriff Jim Cooper as the sole defendant.  (ECF No. 1-1 at 2.)

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

---

[1] Plaintiff is already pursuing his First Amendment claims based on the practice of religion, religious diet, and religious discrimination in two other cases pending in this district.  Walker v. Sacramento County Main Jail, No. 2:25-cv-1523 CKD P (E.D. Cal.); Walker v. Sacramento County Main Jail, No. 2:25-cv-1525 CKD P (E.D. Cal.).

(citations omitted).  Furthermore, "[t]here is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.  Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836-38 (1970).

Other than plaintiff's claim that he reported complaints to defendant Cooper, plaintiff does not allege that Cooper implemented a defective policy or allege that Cooper was personally involved in any of the alleged violations.  Indeed, plaintiff claims most of his damages were sustained while Jones was Sheriff.[2]  (ECF No. 1-1 at 3.)  Defendant Cooper is not responsible based solely on his supervisory role over his subordinates.

Plaintiff is advised that allegations of verbal abuse or harassment are not cognizable under section 1983.  Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).  Nor are allegations of mere threats cognizable.  See Gaut v. Sunn,

---

[2] It appears that some of plaintiff's claims may be barred by the statute of limitations.  The applicable statute of limitations for a cause of action under Section 1983 is the statute of limitations established by the forum state for personal injury torts.  Wallace v. Kato, 549 U.S. 384, 387 (2007); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  This applies to both statutory and equitable tolling.  Id. ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.").  In California, the statute of limitations for a personal injury claim is two years. See Cal. Civ. Proc. Code § 335.1.  In certain situations, California law provides for tolling of the statute of limitations, and the tolling may not exceed two years.  Cal. Civ. Proc. Code § 352.1.

1 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

In addition, plaintiff should pursue First Amendment claims based on religion that arose from those incidents challenged in Walker v. Sacramento County Main Jail, No. 2:25-cv-1523 CKD P and Walker v. Sacramento County Main Jail, No. 2:25-cv-1525 CKD P, in those respective cases. In other words, plaintiff should not include those religious claims in any amended complaint.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendant engaged in that support plaintiff's claim. Id. Because plaintiff has failed to do so, the complaint must be dismissed. The Court will, however, grant leave to file an amended complaint.

V.   POTENTIAL CLAIMS

Plaintiff is advised of the following standards governing potential claims raised in his original complaint.

A.   Excessive Force Claim

"[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992). "Pretrial detainees, whether or not they have been declared unfit to proceed, have not been convicted of any crime. Therefore, constitutional questions regarding the circumstances of their confinement are properly addressed under the due process clause of the Fourteenth Amendment." Trueblood v. Wash. State Dep't of Soc. & Health Servs., 822 F.3d 1037, 1043 (9th Cir. 2016) (citation, internal quotation marks, and alterations omitted); see also Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."); Byrd v. Maricopa Cnty. Bd. of Supervisors, 845 F.3d 919, 924 n.2 (9th Cir. 2017) (The Fourteenth Amendment, and not the Eighth Amendment,

governs cruel and unusual punishment claims of pretrial detainees.).

The Fourteenth Amendment prohibits the excessive use of force and maltreatment that amounts to punishment. Bell v. Wolfish, 441 U.S. 520, 535, 539 (1979); Kingsley v. Hendrickson, 576 U.S. 389 (2015). In Kingsley, 576 U.S. at 397, the United States Supreme Court "rejected the notion that there exists a single 'deliberate indifference' standard applicable to all § 1983 claims, whether brought by pretrial detainees or by convicted prisoners." Castro v. County of Los Angeles, 833 F.3d 1060, 1069 (9th Cir. 2016).

### B. Medical Claim

"Pretrial detainees have a constitutional right to adequate medical care while in the custody of the government and awaiting trial." Est. of Nelson v. Chelan Cnty., 2024 WL 1705923, at *9 (E.D. Wash. Apr. 19, 2024) (citing Russell v. Lumitap, 31 F.4th 729, 738 (9th Cir. 2022)). The claim is evaluated under an objective deliberate indifference standard. Gordon v. Cnty. of Orange, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018). To state a Fourteenth Amendment claim that a jail official was deliberately indifferent to a pretrial detainee's safety or health, the detainee must show that (1) the prison official made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the prison official did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the prison official's conduct obvious; and (4) by not taking such measures, the prison official caused the pretrial detainee's injuries. Id. at 1125.

For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. (citations and internal quotation marks omitted). The four-part test articulated in Gordon requires the plaintiff to prove more than negligence, but less than subjective intent—something akin to reckless disregard. See id. Mere negligence and a simple lack of due care do not violate the Fourteenth Amendment. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016); Gordon, 888 F.3d at 1125.

C. <u>Access to the Courts Claim</u>

To the extent plaintiff contends the destruction of his legal materials deprived him of access to the courts, plaintiff is provided the following governing standards.

Inmates have a fundamental right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996); <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), <u>overruled on other grounds as stated by</u> <u>Richey v. Dahne</u>, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id.</u> at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. <u>Lewis</u>, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. <u>Id.</u> at 351.

VI.   LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>See, e.g.</u>, <u>West</u>, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo</u>, 423 U.S. at 371; <u>May</u>, 633 F.2d at 167. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey</u>, 673 F.2d at 2.

Plaintiff is required to file his amended complaint on the complaint form provided.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Ramirez</u>

v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VII. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint using the court's form civil rights complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  September 22, 2025

*/s/ Chi Soo Kim*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/walk1524.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ANTHONY WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERIFF JAMES (JIM) COOPER,<br><br>    Defendant. | No.  2:25-cv-1524 DJC CSK P<br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐    Amended Complaint
       (Check this box if submitting an Amended Complaint)

DATED:

                                                                  _____
                                                                  Plaintiff